Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ADAM C. SINN Y OTROS<br><br>Demandante - Recurridos<br><br>v.<br><br>DENNIS DAVID PEDRA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON CHRISTIE MARIE PEDRA Y OTROS<br><br>Demandados-Peticionarios | KLCE202300702 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2021CV01794 (503)<br><br>Sobre: Daños |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

El Tribunal de Primera Instancia ("TPI") estimó como apropiada la contestación de una parte a una solicitud de descubrimiento de unos mensajes de texto entre la otra parte y su corredora de bienes raíces, ello a pesar de que los mensajes fueron editados para eliminar lo que dicha parte estimó no era pertinente. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con la decisión recurrida.

I.

En mayo de 2021, el Sr. Adam C. Sinn y Aspire Consulting Solutions, LLC (los "Compradores"), presentaron la acción de referencia, sobre cumplimiento específico de contrato, daños y prohibición de enajenar (la "Demanda"), contra el Sr. Dennis David Pedra, su esposa, la Sa. Christi Marie Pedra, y la sociedad de gananciales compuesta por ambos (los "Vendedores").

En síntesis, los Compradores alegaron que los Vendedores se negaron a firmar el contrato de compraventa de un inmueble sito en el Municipio de Dorado (la "Propiedad"), ello a pesar de que ya las partes habían acordado un precio. Así pues, afirman que los Vendedores incumplieron una promesa bilateral de compraventa. Solicitaron el cumplimiento específico del contrato, es decir, la venta de la Propiedad por el precio supuestamente pactado y una indemnización por daños.

En agosto, los Vendedores contestaron la Demanda y reconvinieron. Negaron la existencia de un contrato de promesa bilateral de compraventa. Alegaron que, el 19 de abril, cuando las partes todavía discutían los términos y condiciones para llegar a un acuerdo, los Compradores se retiraron de dichas negociaciones. En la *Reconvención,* los Vendedores sostienen que sufrieron daños, entre otras razones, por la intervención de los Compradores con una oferta de mayor valor que habían recibido de otro potencial comprador.

Durante el descubrimiento de prueba, los Vendedores le solicitaron a los Compradores las comunicaciones escritas entre estos y su agente de bienes raíces, la Sa. Amanda Grover (la "Corredora"). En lo pertinente, los Compradores le suplieron un gran número de mensajes de texto intercambiados entre estos y la Corredora. No obstante, los Compradores tacharon, para que no fuesen legibles, varias porciones de dichos mensajes, pues los Compradores consideraron que las mismas no eran pertinentes por no referirse a la Propiedad ni a los asuntos objeto de controversia en el caso.

El 31 de agosto de 2022, los Vendedores le solicitaron al TPI que le ordenase a los Compradores someter, en su totalidad y sin editar, los textos entre estos y la Corredora.

El 13 de septiembre, el TPI ordenó a los Compradores producir los mensajes de texto con la Corredora. No obstante, los Compradores solicitaron reconsideración.

A raíz de ello, el TPI le ordenó a los Compradores producir todos los mensajes de texto entre estos y la Corredora, que fueran "pertinentes al caso" y "bajo juramento acreditando que estos representan la totalidad de los mensajes y que están completos".

Inconformes, los Vendedores solicitaron reconsideración; arguyeron que el TPI no debía permitirles a los Compradores determinar cuáles mensajes de texto eran pertinentes y cuáles no. Plantearon que ello representaría una "ventaja indebida" para los Compradores.

Mediante una Resolución notificada el 24 de mayo, el TPI denegó la solicitud de reconsideración de los Vendedores y dispuso lo siguiente:

> No obstante, aclaramos que como parte del descubrimiento de prueba los demandantes deberán proveer todos los mensajes relacionados con el caso que nos ocupa. Quedan excluidos aquellos mensajes entre la corredora de bienes raíces y los demandantes que no tengan que ver con la compraventa ni con las alegaciones que se recogen en el caso de autos.

El 2 de junio, los Compradores informaron al TPI que le habían enviado a los Vendedores los mensajes de texto redactados, acompañados de una declaración jurada en la cual se asegura que los mensajes enviados son aquellos relevantes al pleito. En igual fecha, el TPI dio por cumplida la orden dictada.

En desacuerdo, el 21 de junio, los Vendedores presentaron el recurso que nos ocupa; formulan los siguientes señalamientos de error:

> Primer Error: Erró el TPI al revocar su propia orden sobre la entrega de los mensajes de texto y permitir que la parte promovente de un pleito notifique un descubrimiento de prueba censurado.
>
> Segundo Error: Erró el TPI al ordenar que el descubrimiento de prueba sea limitado e incompleto en

contra de las disposiciones que establecen que el descubrimiento de prueba debe ser amplio y liberal.

En igual fecha, los Vendedores nos solicitaron la paralización de los procedimientos ante el TPI, lo cual denegamos mediante una *Resolución* de 22 de junio.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.* Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Veamos.

En primer lugar, la Regla 52.1, *supra*, no contempla que intervengamos en controversias sobre descubrimiento de prueba. Adviértase que no surge del récord que esperar a una potencial apelación para plantear el error supuestamente cometido por el TPI causaría un "fracaso irremediable de la justicia".

En segundo lugar, aún bajo los factores de la Regla 40, *supra*, no estamos ante una decisión claramente errónea o que haya causado un "fracaso de la justicia", de tal modo que estemos ante una situación que amerite nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra*. En vez, estamos ante un

ejercicio por el TPI de la "amplia discreción" que tiene para reglamentar el "ámbito" del descubrimiento de prueba. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000). "[L]os tribunales de instancia están facultados para modificar los términos y concluir el descubrimiento de prueba conforme a las particularidades y circunstancias de cada caso." *Íd.*; *Lluch v. España Service Sta.*, 117 DPR 729, 742 (1986).

En efecto, el ejercicio de discreción por el TPI en materia de descubrimiento de prueba no es revisable por los tribunales apelativos a menos que se demuestre que el TPI: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Del récord ante nos, no surge que el TPI actuase movido por prejuicio o parcialidad. Tampoco se desprende que incurriera en un craso abuso de discreción o se equivocara en la interpretación o aplicación de una norma procesal o sustantiva. Por consiguiente, consideramos que no procede, en esta etapa, intervenir con la determinación recurrida. No nos corresponde, en este contexto, sustituir nuestro criterio por el ejercido por el TPI. De todas maneras, nuestra determinación discrecional no impide que los Vendedores, de no prevalecer en el caso de referencia, reproduzcan este planteamiento en apelación, ni prejuzga los méritos del mismo en dicho contexto. *Torres Martínez,* 175 DPR a la pág. 98.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones